# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7280 | **DATE** | 11/22/2000 |
| **CASE TITLE** | Beverly Curtis vs. Orkin Exterminating Co., Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's counsel is given until November 29, 2000 within which to establish federal subject matter jurisdiction by an appropriate amendment to the Complaint, failing which this Court will be constrained to dismiss the Complaint and this action on jurisdictional grounds.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | NOV 2 4 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | 11/22/2000 | |
| SN | courtroom deputy's initials | 00 NOV 22 PM 4: 24 | date mailed notice SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BEVERLY CURTIS, et al.,  )
                         )
           Plaintiff,    )
                         )
     v.                  )   No. 00 C 7280
                         )
ORKIN EXTERMINATING CO., INC., )
                         )
           Defendant.    )

**DOCKETED**

**NOV 2 4 2000**

MEMORANDUM OPINION AND ORDER

Three related plaintiffs--Beverly Curtis and Alberta and Ann Gresh--have filed a breach of contract and consumer fraud action against Orkin Exterminating Co., Inc. ("Orkin"), invoking federal jurisdiction on diversity of citizenship grounds. This memorandum order is issued sua sponte to direct plaintiffs' lawyer to cure an obvious flaw in the Complaint's jurisdictional allegations.

There is no problem with satisfaction of the necessary over-$75,000 jurisdictional amount, given the nature of the Complaint's allegations and its prayer for relief. Nor is the Complaint wanting in its identification of the dual aspects of corporate citizenship on Orkin's part (see Complaint ¶5). But what plaintiffs' counsel has inexplicably done--inexplicably because by definition diversity of citizenship depends on <u>citizenship</u>--is to speak only of plaintiffs' places of <u>residence</u> (Complaint ¶¶2, 3 and 4), something that does not necessarily coincide with citizenship.



There is really no justification for that kind of inattention to the most fundamental principles of federal jurisdiction. Indeed, our Court of Appeals has with some frequency trashed other lawsuits under like circumstances because of their failure to establish subject matter jurisdiction (see, e.g., <u>Tylka v. Gerber Prods. Co.</u>, 211 F.3d 445, 447-49 (7th Cir. 2000) and numerous cases cited there).

Accordingly plaintiffs' counsel is given until November 29, 2000 within which to establish federal subject matter jurisdiction by an appropriate amendment to the Complaint, failing which this Court will be constrained to dismiss the Complaint and this action on jurisdictional grounds. And because there is no reason that plaintiffs should pay for the incremental legal work occasioned by that effort, no charge is to be made to plaintiffs for the added work and expense incurred by their counsel in correcting their own errors. Plaintiffs' counsel are ordered to apprise their clients to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: November 22, 2000